**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4344
_____

JACOB CHRISTINE,
                                        Appellant

v.

CHRIS DAVIS; BROOK ALBERT;
CRAIG ROBINSON; BRYAN DUGAN;
LEHIGH COUNTY PRISON; EDWARD GUZIK;
KEVIN CANNING; JONATHAN WILTRAUT;
RONALD KIEFER; GREGORY THOMAS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-04734)
Magistrate Judge:  Honorable Timothy R. Rice
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 16, 2015
Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jacob Christine appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his civil rights case. We will affirm the District Court's judgment.

Christine's complaint was based on an incident on April 5, 2009. On that day, Christine put his hands through the slot in his cell door to be handcuffed, as required, so that he could leave his cell for telephone privileges. However, once the cell door was open, Christine came out with a Styrofoam tray containing his feces, which he threw at a prisoner in a nearby cell. Corrections officers returned him to his cell, removed his handcuffs, and went to report the incident. Officers then came back to search Christine's cell for any other contraband, such as other containers that he could use to throw feces. Officers ordered him to put his hands through the slot to be handcuffed but he refused. Officers eventually opened the cell, sprayed Christine with pepper spray as he came charging out of the cell, and brought him to the ground so that they could apply handcuffs. Officers applied knee strikes or "stuns" to try to get Christine to give up his hands for handcuffing. Two of the stuns (unintentionally, according to the officers) struck Christine in the head. Christine suffered a one-centimeter laceration above his left eyebrow, which required three stiches, and a two-inch by one-inch abrasion to the left temple.

Christine filed a complaint, and counsel was appointed. The District Court[1] granted the Defendants' Motion for Partial Summary Judgment, dismissing several claims and defendants. Two counts from Christine's complaint, one alleging that the correctional officers used excessive force during the incident, violating 42 U.S.C. § 1983, and another that their actions constituted assault and battery, proceeded to a jury trial. The jury's verdict was in favor of Defendants on both counts. The District Court entered judgment in favor of Defendants and denied Christine's motion for a new trial and amended motion for a new trial. Christine, proceeding pro se, timely appealed.

On appeal, Christine first argues that the District Court erred in denying his motion for a new trial because the security video from the prison clearly shows that the corrections officers assaulted him and used excessive force. We review the denial of a motion for a new trial for an abuse of discretion. McKenna v. City of Phila., 582 F.3d 447, 460 (3d Cir. 2009). We must review the evidence in the light most favorable to the non-moving party, and we will find that a new trial would have been proper only if "the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Grazier v. City of Phila., 328 F.3d 120, 128 (3d Cir. 2003). Christine claims that the jury's verdict is so unequivocally wrong that it shocks one's conscience, but we disagree. Because the videotape is grainy, jumpy, and partially-obstructed by the stairwell in front of Christine's cell, it is far from clear

---

[1] The parties consented to have the matter heard before a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

what happened simply from viewing the videotape.  The corrections officers testified that they administered the stuns because Christine was not cooperating and would not allow them to handcuff him.  We conclude that the District Court did not abuse its discretion in determining that the "verdict was based on sufficient evidence and on the jury's resolution of credibility determinations."  Dkt. #62 at 3.

Christine next argues that the District Court erred by allowing the Defendants to submit evidence and camera footage related to the incident when he threw feces at another inmate.  We review a district court's decision to admit evidence for abuse of discretion.  Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 244 n.25 (3d Cir. 2013).  We may reverse a ruling under Rule 403 of the Federal Rules of Evidence[2] "only if it is arbitrary and irrational."  Id. at 245 (internal quotation and citation omitted).  While we may have ruled differently, perhaps by disallowing evidence of *what* it was that Christine threw, we cannot say that the District Court's decision was "arbitrary and irrational."  In the District Court, Christine had argued that the Defendants wanted to search his cell only to confiscate his legal material.  Evidence of the feces-throwing incident was probative to show that the Defendants had a legitimate reason for ordering Christine to be cuffed and exit his cell so that it could be searched.  Further, the District Court properly instructed the jury that it could not use the evidence of the feces-throwing

---

[2] That rule provides:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

4

incident to prove Christine's bad character. We conclude that the District Court did not abuse its discretion.

Christine also argued in his motions for a new trial that the District Court improperly admitted evidence of the prison's Use of Force Policy, and improperly admitted evidence of a misconduct issued against him (Exhibit D-29). As Exhibit D-29 was not admitted into evidence, that argument is without merit, and as Christine did not make a contemporaneous objection to introduction of the Use of Force Policy, that issue is waived. See Christmas v. City of Chi., 682 F.3d 632, 640 (7th Cir. 2012) (if party does not object to admission of evidence during trial, objection is waived and cannot be raised for first time on motion for new trial or on appeal); see also Caisson Corp. v. Ingersoll-Rand Co., 622 F.2d 672, 681 (3d Cir. 1980) (same).

Christine argues that the trial court erred by failing to instruct the jury on "deliberate indifference" and "contributory negligence." Christine did not object to the jury instructions in the District Court. "We generally do not address arguments that were not made in the district court and we therefore decline to consider [Christine's] current argument as a ground for reversing the decision of the district court." Ziccardi v. City of Phila., 288 F.3d 57, 65 (3d Cir. 2002).

Finally, Christine argues that he was prejudiced by the Defendants' comments in opening and closing arguments regarding his alleged refusal to take responsibility for his actions. As Christine raised this argument for the first time in his post-trial motion, we review the issue for plain error. Lesende v. Borrero, 752 F.3d 324, 336 (3d Cir. 2014)

5

(plain error review includes considering obviousness of error, significance of interest involved, and reputation of judicial proceedings if error stands uncorrected; plain error review is to be exercised sparingly and with extreme caution in civil contexts); see also Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1179-80 (11th Cir. 2002) (finding of plain error is seldom justified in reviewing argument of counsel in civil case). Here, the jury was properly instructed regarding the elements of excessive force and assault and battery. It was also properly told that opening and closing arguments do not constitute evidence. Because the jury was not likely misled by any remarks in opening and closing arguments, we do not find plain error.

For the foregoing reasons, we will affirm the District Court's judgment.